**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES JORDAN,

      **Plaintiff,**

v.                                                                              **CASE NO.:**

ADVENTIST HEALTH SYSTEM
SUNBELT HEALTHCARE
CORPORATION,

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES JORDAN, by and through undersigned counsel, brings this action against Defendant, ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION, and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Polk County, Florida.

## PARTIES

4.      Plaintiff is a resident of Polk County, Florida, and he worked in Polk County for Defendant.

5.      Defendant operates a healthcare company in Polk County, Florida.

## GENERAL ALLEGATIONS

6.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA.

7.      At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA.

8.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

9.      Plaintiff has satisfied all conditions precedent, or they have been waived.

10.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

11.      Plaintiff requests a jury trial for all issues so triable.

## FACTS

12.      Plaintiff is 72 years of age.

13.      Beginning in August 2025, Plaintiff applied for numerous positions with Defendant.

2

14. Defendant routinely rejected Plaintiff's applications for employment and refused to allow him to interview for open positions even though he was qualified for the positions.

15. Tim Kaldea, the manager who refused to consider Plaintiff for employment, told multiple employees that he refused to hire Plaintiff because he was "too old."

16. Mr. Kaldea stated that he would tell managers in other departments not to hire Plaintiff because of his age.

17. Mr. Kaldea also told an employee that he did not want to hire anyone who was "too old."

18. Thus, Defendant subjected Plaintiff to disparate treatment based on his age by failing to hire him as a result of his age and hiring substantially younger individuals in his place.

## COUNT I – ADEA VIOLATION

19. Plaintiff realleges and readopts the allegations of paragraphs 1 through 18 of this Complaint, as though fully set forth herein.

20. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

21. Plaintiff was subjected to disparate treatment based on his age.

22. Defendant's actions were willful and done with malice.

23. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)  A jury trial on all issues so triable;

b)  That process issue and that this Court take jurisdiction over the case;

c)  An injunction restraining continued violation of the ADEA;

d)  Compensation for lost wages, benefits, and other remuneration;

e)  Reinstatement of Plaintiff to a position comparable to his prior position with back pay plus interest, or in the alternative, front pay;

f)  Liquidated damages in an amount equal to Plaintiff's total damages;

g)  Prejudgment interest on all monetary recovery obtained.

h)  All costs and attorneys' fees incurred in prosecuting these claims; and

i)  For such further relief as this Court deems just and equitable.

## COUNT II – FCRA VIOLATION
### (AGE DISCRIMINATION)

24.  Plaintiff realleges and readopts the allegations of paragraphs 1 through 18 of this Complaint, as though fully set forth herein.

25.  Plaintiff is a member of a protected class under the FCRA.

4

26.     Plaintiff was subjected to disparate treatment on the basis of his age, when Defendant's employees made discriminatory comments about his age and failure to hire him.

27.     Defendant's actions were willful and done with malice.

28.     Plaintiff was injured due to Defendant's violations of the FCRA, for which he is entitled to relief.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and this Court take jurisdiction over the case;

c)     Compensation for lost wages, benefits, and other remuneration;

d)     Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

e)     Any other compensatory damages, including emotional distress, allowable at law;

f)     Punitive damages;

g)     Prejudgment interest on all monetary recovery obtained.

h)     All costs and attorneys' fees incurred in prosecuting these claims; and

i)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.


Dated this 28th day of July, 2026.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar No.: 0053643
Direct Dial: (813) 379-2565
**SAWYER N. FRESCOLN**
Florida Bar No. 1034987
Direct Dial:  (813) 337-7993
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: sfrescoln@wfclaw.com
Email: gdesane@wfclaw.com
**Attorneys for Plaintiff**

6

## Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

_____

**LUIS A. CABASSA**

7